THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00053-MR-WCM

| | |
|---|---|
| KAREN SUE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARION POLICE DEPARTMENT, ) | |
| MARION SHERIFF'S DEPARTMENT, ) | |
| MISSION McDOWELL HOSPITAL, ) | |
| and WAKE FOREST BAPTIST ) | |
| HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

**I.     STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP

filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328, 109 S.Ct. 827.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely

"labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)).

**II.   BACKGROUND**

In her Complaint, the Plaintiff asserts claims that "[her] civil rights were violated and [she] was abused. These parties tried to kill me!!!" [Doc. 1 at 8]. Construing the Plaintiff's allegations liberally, the Court construes the Plaintiff's claims as one arising under 42 U.S.C. § 1983 for violation of her federal constitutional rights.

As grounds for her claims, the Plaintiff alleges that on November 13, 2018, she was returning home after having had some drinks at a neighbor's house when she slipped and hit her head on concrete. One of the Plaintiff's neighbors, Jeff Reinke, began to argue with her and "push[ed her] buttons." [Doc. 1 at 2-3]. The Plaintiff then returned to her apartment. Reinke called the Marion Police Department, and officers appeared at the Plaintiff's door. The Plaintiff alleges that she was confused and injured from hitting her head. The Plaintiff alleges that the officers grabbed her, and that she fought back against the "aggressive and under educated officers." [Id. at 3]. One of the

Plaintiff's neighbors informed the officers that the Plaintiff had hit her head, that she was not behaving normally, and that she should be taken to the emergency room. [Id.]. The Plaintiff alleges that the officers continued to jerk her and act very aggressively. The Plaintiff alleges that she hit her head against in the police car, and that the police officers knew that she was injured but they "didn't care." [Id. at 4].

The Plaintiff alleges that she was then transported to "the emergency room at McDowell Hospital where they have known [her] for years." [Id.]. The Plaintiff alleges that instead of helping her, "they tied [her] down and drugged [her]" and "made [her] look bad in their notes and gave [her] to[o] much medications" before transporting her to the county jail.[1] The Plaintiff alleges that she "was hit and shook so hard" while at the jail that she had to return to the emergency room in critical condition. She alleges that she was admitted into intensive care for approximately four days, and that the "people at the jail" lied to her family about her whereabouts during that time. [Id. at 4-5]. Finally, she alleges in a single sentence without any further elaboration or detail that she "know[s] [she] was raped as well in that jail." [Id. at 5].

---

[1] The Plaintiff identifies the county defendant as "Marion Sheriff's Department" in the caption of her pleading but in the body of her complaint, she refers to the jail as being operated by the McDowell County Sheriff's Department.

4

Finally, the Plaintiff sets forth allegations against "Baptist Hospital" regarding a hip replacement procedure that she received in 2011, which was allegedly not performed correctly and left the Plaintiff in a lot of pain. [Id. at 6].

The Plaintiff seeks damages in the amount of $10 million from the Marion Police Department and the "Marion Sheriff's Department" and $5 million from Mission McDowell Hospital and Wake Forest Baptist Hospital ("the Hospital Defendants"). [Id. at 9].

## III. DISCUSSION

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the named Defendants. First, with respect to the named Defendants "Marion Police Department" and "Marion [sic] Sheriff's Department," the Plaintiff attempts to assert claims against the municipal entities involved in her arrest and detention, i.e., the city police department and the county sheriff's department. However, police departments and sheriff's departments lack the legal capacity to be sued. See Kargarian v. PVH Div. of Charlotte Mecklenburg Police Dep't, No. 3:13-cv-398-RJC-DSC, 2013 WL 4482406, at *2 (W.D.N.C. Aug. 19, 2013); Bettis v. Madison County Sheriff's Dep't, No. 1:10-cv-69-RJC, 2012 WL 161250, at *2 (W.D.N.C. Jan. 19, 2012). To the extent that the Plaintiff intended to sue the City of Marion

and/or McDowell County, however, her claims fare no better. A municipality can be held liable only for its own illegal acts. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (stating that a municipality "cannot be held liable *solely* because it employs a tortfeasor") (emphasis in original)); see also Connick v. Thompson, 563 U.S. 51, 60 (2011) (noting that municipalities "are not vicariously liable under § 1983 for their employees' actions."). Under Monell, a municipality can be held liable under § 1983 only "if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014). Here, the Plaintiff does not allege that her federal constitutional rights were violated by any municipal custom, policy, or practice. For all these reasons, the Plaintiff's claims against Defendants "Marion Police Department" and "Marion [sic] Sheriff's Department" fail to state a cognizable claim, and these claims are therefore dismissed.

Furthermore, the Plaintiff has failed to state a claim under § 1983 against the Hospital Defendants. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the

6

> state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) internal quotation marks and citations omitted). Here, the Plaintiff does not make these claims against a state actor; instead, she has attempted to sue two hospitals where she has received medical treatment. The Plaintiff has made no allegation that these hospitals have a sufficiently close relationship with state actors such that the Court could conclude that they are engaged in governmental action. Even if these Defendants could be considered state actors (which they are not), the Plaintiff does not identify any conduct by the Defendants which could possibly be construed as a deprivation of the Plaintiff's constitutional rights. This is especially true with respect to Wake Forest Baptist Hospital, as all the allegations with respect to this Defendant relate to a medical procedure performed eight years ago which is completely unrelated to the Plaintiff's arrest and detention in November 2018. For all these reasons, the Plaintiff has no basis to assert a § 1983 claim in this case against the Hospital Defendants.

7

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that she is unable to make prepayment of the required fees and costs and therefore the Application should be allowed. The Court concludes, however, that the allegations set forth in the Plaintiff's Complaint are baseless and fail to state a cognizable claim upon which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: March 2, 2019

Martin Reidinger
United States District Judge